**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4492-19

DIANA ANGELA
SANTORO PATRONI,

     Plaintiff-Appellant,

v.

PINKY'S NAILS, LLC,

     Defendant-Respondent.

_____

Argued November 15, 2021 – Decided November 24, 2021

Before Judges Fasciale and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2209-18.

Jeffrey L. Dashevsky argued the cause for appellant (Dashevsky, Horwitz, Kuhn, Novello & Shorr, attorneys; Jeffrey L. Dashevsky, on the brief).

Mark S. Hochman argued the cause for respondent (Law Offices of Stephen E. Gertler, attorneys; Mark S. Hochman, on the brief).

PER CURIAM

In this slip and fall case, plaintiff appeals from a July 10, 2020 order granting summary judgment to defendant Pinky's Nails, LLC (Salon). The motion judge concluded plaintiff failed to demonstrate the Salon had constructive notice of liquid on the floor. But that was a question for the jury. We therefore reverse.

We review the order de novo. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Under Rule 4:46-2(c), a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ordinarily, a movant "must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'" Prudential, 307 N.J. Super. at 167 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529-30 (1995)).

In New Jersey, a business owes a duty of reasonable care to invitees "to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003) (citing

Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433 (1993)). The duty of due care to invitees "requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Ibid.; see also Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 601 (App. Div. 2016) (stating the same). "Ordinarily an injured plaintiff . . . must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Ibid.; see also Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015) (stating the same). The absence of actual or constructive notice of a dangerous condition "is fatal to [a] plaintiff's claims of premises liability." Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013).

Here, plaintiff walked into the Salon wearing jeans, flip-flops, and a t-shirt. When she arrived, a large area of the floor in the entrance area was wet. Plaintiff "took no more than two, three steps max," and she "went flying into the air . . . [then landed] flat on her back." The area of the dangerous condition was large enough to leave substantial areas of her body and clothing wet: "both sides of [her] jeans . . . [her] butt, [and her] hands."

3

Plaintiff was unable to say with certainty that the liquid was water. But an employee admitted that the Salon offered complimentary bottled water to its customers. Indeed, before the date of the accident, the Salon routinely handed out water bottles. Employees knew that there had been instances where employees and customers dropped water bottles causing spillage on the floor. Tony,[1] who owned the Salon and witnessed the accident, conceded that in the Salon, "accident[s] happen all the time," but that the employees in the Salon would not clean up one "hundred percent" until "[a]fter everything is shut down, [and] then [the employees would] detail everything to clean." Although he stated the Salon displayed cautionary signs to warn customers of the presence of wetness on the floor "all the time," it did not do so this time.

Tony was stationed in the immediate area of the fall before plaintiff injured herself. He was at the receptionist desk, which was right next to the front door. The parties dispute whether he knew of or should have known about the presence of liquid on the floor. Those facts were readily detectable. On the day of the accident, a surveillance system captured activity in the Salon, including the area of the dangerous condition. Even though plaintiff's counsel requested the video footage be preserved months after the accident, Tony had

---

[1] We use his first name for privacy reasons and mean no disrespect in doing so.

A-4492-19

"no idea" if it had been.  Although plaintiff's injury was serious enough for an ambulance to arrive after the fall, and even though Tony could have easily documented when the spillage occurred, Tony did not watch the video, and the Salon represented it no longer existed.

But this is not a situation where the sole question is for how long the dangerous condition existed.  Rather, Tony was "right there" near the accident area, and looking at all the facts, genuine issues of material facts exist as to whether the Salon had constructive notice.  Resolving that question, the judge analyzed the material disputed facts and stated:

> I don't believe [Tony] . . . should have detected the dangerous condition because of his proximity to the location [of the accident].  I do not believe that that's a reasonable conclusion that can be drawn from the facts of this case.
>
> Again, as I said, if we were dealing with some hazardous condition that created a contrast between the floor and the hazardous condition and the foreign substance, that'd be one thing.  But water is transparent.
>
> . . . .
>
> I do not accept the proposition that . . . plaintiff had water on her hands and water on her jeans is enough to conclude that the water was of such significant size that, in the exercise of due diligence, someone close by should have detected it.  I don't think . . . a reasonable jury can make that determination.

5

> > . . . .

> > I am not satisfied . . . that [Tony]. . . should have discovered [the liquid substance] and corrected it.

> > Therefore, I'm not satisfied that the plaintiff can establish constructive notice.

> > I do not believe that the fact that [Tony] was nearby . . . I'll assume that [Tony was at] the cash register . . . right next to the front door. I'm not satisfied that because the cash register was right next to the front door where the hazardous condition existed . . . that it was negligence on the part of the owner and/or facility not to have taken steps to correct it.

Our opinion is not based solely on Tony's testimony that he was "right there" and stationed at the exact location of the dangerous condition—although that would be enough to reverse. But Tony himself admitted that the Salon handed out water bottles; accidents happened "all the time"; that despite routinely utilizing warning signs, none were displayed on the date of the accident; and that the Salon generally waited until "[a]fter everything is shut down" to clean.

Moreover, even though the video footage captured the details, such as when the liquid spilled, the size of the liquid accumulation on the Salon floor, and the fall itself, in the face of a demand for production of the video, plaintiff's

6

counsel learned through interrogatory answers that no effort was made to preserve the video.

Looking at the facts in the light most favorable to plaintiff, <u>Brill</u>, 142 N.J. at 523, we therefore conclude that there exist genuine issues of material fact as to whether the Salon had constructive knowledge of the dangerous condition that caused plaintiff's accident.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4492-19